UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ALLY BANK,**

        **Plaintiff,**

v.                                                                                        Case No. 6:25-cv-1031-CEM-LHP

**RICKY ANTONIO JOHNSON,**

        **Defendant.**

_____/

**ORDER**

THIS CAUSE is before the Court on Defendant's Motion for Emergency Intervention ("Motion," Doc. Nos. 13 & 13-1). This cause is also before the Court upon *sua sponte* review of subject matter jurisdiction. *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). For the reasons set forth below, the Motion will be denied, and this case will be remanded.

This case was removed from Seminole County Court. (Am. Notice of Removal, Doc. 6, at 1; Compl., Doc. 6-1, at 1). It is an action to repossess Defendant's vehicle. (*See generally* Doc. 6-1). Defendant states that the county court

has a hearing set for tomorrow, July 2, 2025, and seeks this Court's intervention in cancelling the hearing due to the removal. (Doc. 13-1 at 1–2).

Defendant asserts that this Court can exercise federal question jurisdiction under 28 U.S.C. § 1331. There are no federal causes of action asserted in the Complaint. (*See generally id.*). And Defendant's affirmative defenses and counterclaims cannot be a basis for removal here. *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430–31 (1999) ("To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal."); *Home Depot USA, Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019) ("Section 1441(a) [ ] does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action."). Thus, the Court cannot exercise federal question jurisdiction over this matter.

To the extent Defendant attempts to invoke 28 U.S.C. § 1334 and § 1452, arguing that this case is related to a bankruptcy proceeding, (Original Notice of Removal, Doc. 1, at 2), that argument fails. This case is not sufficiently related to the referenced bankruptcy proceeding, *In re Off Lease Only LLC*, No. 23-11388-CTG. Specifically, despite Defendant's arguments to the contrary, Plaintiff obtained

relief from the automatic stay in that case and was given permission to repossess vehicles. *Id.*, Sept. 15, 2023 Order, Docket Entry 80-1, at 3.

And, while Defendant does not invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332, it clearly does not exist here. Plaintiff has alleged that the amount in controversy "does not exceed $50,000.00." (Doc. 6-1 at 2).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion for Emergency Intervention ("Motion," Doc. Nos. 13 & 13-1) is **DENIED**.

2. This case is **REMANDED** to the County Court in and for Seminole County, Florida, Case No. 2025-CC-1579.

3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on July 1, 2025.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party